**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

BILLY MACK NICHOLS, JR.,                                                        PLAINTIFF
ADC #92713

v.                                        5:15CV00260-JLH-JTK

CHARLOTTE SANDERS, et al.                                           DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J.
Leon Holmes. Any party may serve and file written objections to this recommendation. Objections
should be specific and should include the factual or legal basis for the objection. If the objection
is to a factual finding, specifically identify that finding and the evidence that supports your
objection. An original and one copy of your objections must be received in the office of the United
States District Court Clerk no later than fourteen (14) days from the date of the findings and
recommendations. The copy will be furnished to the opposing party. Failure to file timely
objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or
additional evidence, and to have a hearing for this purpose before the District Judge, you must, at
the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was
not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the new hearing in the

1

form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

## I.    INTRODUCTION

Plaintiff Billy Mack Nichols, Jr., a state inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, together with a Motion to Proceed In Forma Pauperis (IFP) pursuant to 28 U.S.C. § 1915 (Doc. No. 1).  This Court denied his Motion to Proceed IFP and dismissed the Complaint on September 1, 2015, finding that Plaintiff is a three-striker within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), and failed to meet the imminent danger of serious physical injury exception. (Doc. No. 7) Plaintiff then filed a Petition for Rehearing, in which he alleged that LPN Johnson recently took away his wheelchair script, thus placing him in imminent danger of harm (Doc. No. 9).  By Order dated September 14, 2015, United States District Judge J. Leon Holmes granted the Petition and re-opened this case, referring it to me "for screening in light of the allegation that Nichols' wheelchair script was taken away by LPN Johnson on August 27, 2015."  (Doc. No. 10).

I then directed Plaintiff to file an Amended Complaint to include the additional allegations, together with a Motion to Proceed IFP (Doc. No. 11).  Plaintiff filed an IFP Motion and an Amended

Complaint, together with a second Motion for Rehearing, in which he states that although he amended his complaint, he could not add LPN Johnson because he has not completed the exhaustion procedure.  (Doc. No. 13) Plaintiff asks the Court in the Motion to accept his Amended Complaint.

## II.   SCREENING

The Court is required to screen complaints seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. §1915(a).  Additionally, the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), provides that:

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three (3) or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff has had more than three complaints dismissed for failure to state a claim,[1] and is considered a "three-striker" within the meaning of the PLRA.  Plaintiff may, however, be permitted to proceed in forma pauperis if he falls under the "imminent danger" exception to the three strikes rule set forth above.  28 U.S.C. §1915(g).  This exception does not apply to allegations of past danger, and the alleged harm must be "real and proximate" and occurring at the time the complaint is filed.  Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

However, Plaintiff does not include any allegations in his Amended Complaint that LPN Johnson or any other Defendant took away his wheelchair on August 27, 2015, or that at the time of the filing of the Complaint, he was in imminent danger of serious physical injury.  Absent such, the Court finds that his Motion to Proceed IFP should be denied, that his second Motion for

---

[1] Nichols v. Harrelson, 4:99CV00388-SWW; Nichols v. Simpson, 4:99CV00743-GTE; Nichols v. Sallings, 4:99CV00785-HW; Nichols v. Harrelson, 4:00CV00106-JMM.

3

Rehearing should be denied, and that this action should be dismissed, without prejudice.

**III.     CONCLUSION**

IT IS, THEREFORE, RECOMMENDED that:

1.      Plaintiff Nichols' Motion to Proceed In Forma Pauperis (Doc. No. 14)be DENIED.

2.      Plaintiff's second Motion for Rehearing (Doc. No. 13) be DENIED.

3.      Should Plaintiff wish to continue this case, he be required to submit the statutory filing fee of $400.00 to the Clerk, noting the above case style and number within ten (10) days of the date of this Order, together with a motion to reopen the case.  Upon receipt of the motion and full payment, the case will be reopened.

4.      Plaintiff's Complaint be DISMISSED without prejudice.

IT IS SO RECOMMENDED this 2nd day of October, 2015.

_____
        JEROME T. KEARNEY
        UNITED STATES MAGISTRATE JUDGE

4